PEOPLE, PLAINTIFF AND APPELLEE, *v.* SANTIAGO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Petty Larceny.

No. 1468.—Decided March 29, 1920.

JUDICIAL NOTICE—AFFIDAVIT.—In this case the complaint made before the Municipal Court of Mayagüez appears to have been sworn to before ''F. Souffront * * * of the Municipal Court of * * *.'' The defendant demurred on the ground that it did not appear to have been sworn to before a competent official, and it was *Held:* That the said court as well as the district court, which heard the case *de novo,* could take judicial notice of whether F. Souffront was an official authorized to administer oaths, and that they having so found, the burden was on the appellant to prove the contrary.

LARCENY—POSSESSION.—In the crime of larceny the possession of the thing stolen is the essential element and it is unnecessary to prove its use.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by defendant Abraham Santiago from a judgment rendered on appeal after a trial *de novo* by the District Court of Mayagüez on December 22, 1919, finding him guilty of the crime of petty larceny and sentencing him to ninety days in jail, less the time already served, with the costs.

The appellant alleges the following in support of the appeal: 1st. That the court erred in overruling the motion of

the defendant that the complaint be dismissed for the reason that it did not appear to have been sworn to before a competent official. 2nd. That the court erred in overruling the demurrer on the ground that the complaint did not sufficiently charge the defendant with the commission of the crime of larceny.

In passing upon the errors assigned we deem it well to insert the whole complaint, which reads as follows:

"Municipal Court of Mayagüez, P. R.—United States of America. The President of the United States, ss.—The People of Porto Rico *v.* Abraham Santiago.—I, Luis Bravo, a resident of Barcelona street, Mayagüez, thirty-two years of age, complain against Abraham Santiago for the crime of petty larceny committed in the following manner: On October 22, 1919, at 6 p. m., in the ward of Cerrote, Las Marías, of the Municipal Judicial District of Mayagüez, the said Abraham Santiago, wilfully, maliciously and criminally trespassed upon the lands of the Constancia plantation, of which I am the owner, and then and there appropriated to himself with the purpose of converting the same to his own use one and a half almuds of coffee valued at $2, with the intent of defrauding me of that sum, not having accomplished his purpose because he was caught in the act by the foreman, Maximino Suárez. The witnesses are Maximino Suárez, Manuel Muñoz Vélez, Pedro Nieva and Juan Cortés.— (Signed) L. Bravo, Complainant.—Sworn to before me this 23d day of October, 1919.—Signed: F. Souffront * * * of the Municipal Court of * * *."

From the statement of the case it appears that the appellant filed a demurrer to the complaint on the ground that it did not appear to have been sworn to before a competent official, for although the oath was taken before F. Souffront, of the municipal court, it does not appear what office he holds or of what municipal court, it being, therefore, not known whether or not Souffront is an official authorized to administer oaths. It also appears that the appellant demurred to the complaint on the ground that it did not charge the commission of the crime of larceny according to section 426 of the Penal Code, for it lacks the material allegation that the defendant carried away the personal property of the com-

plainant, but, on the contrary, alleges that the defendant could not accomplish the act.

The first error assigned is untenable. The complaint was made in the Municipal Court of Mayagüez which originally heard the case and both that court and the district court, according to subdivision 5 of section 36 of the Law of Evidence, could take judicial notice of whether Souffront, before whom it was sworn to, was an official authorized to administer oaths. The judge of the court of Mayagüez held that he was and it was incumbent upon the appellant to show the contrary: *People* v. *Carrasquillo*, 22 P. R. R. 127.

As to the second error assigned, we are of the opinion that the facts related in the complaint establish the commission of larceny, for it is averred that the defendant maliciously and criminally trespassed upon the lands of the Constancia plantation and appropriated to himself, with the intent of defrauding the complainant, one and a half almuds of coffee valued at $2. And although in the same complaint it is said that the attempted defraudation was not accomplished because the defendant was caught in the act, this fact does not deprive the act of the character of the crime of larceny, for the possession of the thing stolen is the essential element of the crime and it is unnecessary to prove its appropriation. *People* v. *Martin*, 26 P. R. R. 587.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.